UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BOSHRA EID BOSHRA ABDELMALEK,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-00946-KES-EPG (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING RESPONDENTS' MOTION TO DISMISS AND REQUEST FOR ABEYANCE, DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE

Docs. 1, 14, 17

Petitioner Boshra Eid Boshra Abdelmalek is in an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 5, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition, denying respondents' motion to dismiss and request for abeyance, and ordering petitioner's immediate release.  Doc. 17.  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service.  On March 19, 2026, respondents filed timely objections, and petitioner filed a reply.  Docs. 18, 19.  In their objections, which consist of two sentences, respondents state that they object "for the reasons set forth in" their prior response and that they "submit on the previously filed pleadings."  Doc. 18.

1

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo.  Having carefully reviewed the file, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1. The findings and recommendations issued on March 5, 2026 (Doc. 17) are ADOPTED in full.

2. The petition for writ of habeas corpus (Doc. 1) is GRANTED.

3. Respondents' motion to dismiss and request for abeyance (Doc. 14) is DENIED.

4. Respondents are directed to IMMEDIATELY RELEASE petitioner from custody with the same conditions he was subject to immediately prior to his re-detention on July 19, 2025.

5. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified

6. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   March 20, 2026

_____
UNITED STATES DISTRICT JUDGE

2